# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Paul Robinson,                               :              Case No. 1:10 CV 01922

     Petitioner,                          :

vs.                                          :

Bennie Kelly, Warden,                        :              **MAGISTRATE'S REPORT**
                                                            **AND RECOMMENDATION**

     Respondent.                          :

Pursuant to 72.2(b)(2) of the United State District Court Northern District of Ohio Local Civil Rules, this case was automatically referred to the undersigned Magistrate Judge for report and recommendation.  Pending are (1) Petition for Writ of Habeas Corpus  pursuant to 28 U. S. C. § 2254, Respondent's Return (Docket Nos. 1 & 5); (2) Petitioner's Motion for State to Supply Transcripts (Docket No. 11) and (3) Petitioner's Motion to Stay, Respondent's Opposition and Petitioner's Reply/Motion for Order to Strike (Docket Nos. 14, 15 & 16).  For the reasons that follow, the Magistrate recommends that the Petition for Writ of Habeas Corpus, the Motion to Supply Transcripts and the Motion to Stay be denied.

## I. PROCEDURAL BACKGROUND.

**A.**   **INDICTMENT, CONVICTION AND SENTENCING.**

During the May 2006 term, the Cuyahoga County Grand Jurors issued the following indictment:

Count One:   Attempted murder, a violation of OHIO REV. CODE § 2923.02/2903.02 with:
- Notice of prior conviction specification (NPCS), a violation of OHIO REV. CODE § 2903.11
- Repeat violent offender specification (RVOS), a violation of OHIO REV. CODE § 2903.11.

Count Two:   Felonious assault, a violation of OHIO REV. CODE § 2903.11 with:
- NPCS
- RVOS.

Counts Three: Kidnaping, a violation of OHIO REV. CODE § 2905.01.
- NPCS.
- RVOS.

Count Four:   Domestic violence, a violation of OHIO REV. CODE § 2919.25 with:
- NPCS.
- RVOS.

(Docket No. 5, Exhibit 1, pp. 1-3 of 279).

On November 1, 2006, Petitioner, represented by counsel, withdrew his plea of not guilty and entered a plea of no contest to the counts in the indictment.  After advising Petitioner of his constitutional rights and potential penalties upon conviction, the trial judge found Petitioner guilty of attempted murder, felonious assault, kidnaping and domestic violence.  Prior to sentencing, defense counsel advised the Court that Petitioner wished to withdraw his guilty plea and proceed to trial.  The judge denied Petitioner's request.  The trial court judge sentenced Petitioner to a total of fifteen years, five years on the RVOS, to run prior to and consecutively to ten years on the base charge of attempted murder; seven years on the RVOS, to run prior to and consecutively to eight years on the base charge of felonious assault; five years on RVOS to run prior to and consecutively to ten years on the base charge of kidnapping and 18 months as to count four, all to run concurrently to each other (Docket No. 5, Exhibit 1, p. 5 of 279).

On November 7, 2006, Petitioner filed a motion for withdrawal of the plea of guilty (or no contest) (Docket No. 5, Exhibit 1, p. 6 of 279).  The motion for withdrawal of the plea was denied on

November 17, 2006 (Docket No. 5, Exhibit 1, p. 10 of 279).

Petitioner filed a notice of appeal and motion for appointment of counsel on December 11, 2006 (Docket No. 5, Exhibit 1, pp. 11 of 279, 26 of 279). On February 26, 2007, counsel was appointed (Docket No. 5, Exhibit 1, p. 28 of 279).  Two assignments of error were presented for review on direct appeal:

- The trial court abused its discretion by accepting Petitioner's invalid plea.
- The trial court abused its discretion by failing to order a competency examination prior to accepting Petitioner's no contest plea.

(Docket No. 5, Exhibit 1, p. 33 of 279).

On December 20, 2007, the Eighth Appellate District Court of Cuyahoga County affirmed the conviction and found:

- The record contained sufficient assurances of Petitioner's competence to enter a plea. The trial court substantially complied with OHIO CRIM. R. 11 in determining whether Petitioner's plea was knowing, intelligent and voluntary.  The court found no error in the trial court's determination.
- Petitioner's statements at the time of the plea and immediately thereafter further demonstrated that Petitioner had a clear understanding of the charges and the events taking place at the time of the plea, making a competency evaluation unnecessary.

(Docket No. 5, Exhibit 1, pp. 71-84 of 279).

Petitioner filed a motion for reconsideration on January 2, 2008, arguing that he was incompetent/incoherent and unable to understand the proceeding and the plea (Docket No. 5, Exhibit 1, p. 86 of 279). The motion for reconsideration was denied on January 22, 2008 (Docket No. 5, Exhibit 1, p. 89 of 279).

Petitioner filed a notice of appeal in the Ohio Supreme Court on February 1, 2008 (Docket No. 5, Exhibit 1, p. 90 of 279).  In the memorandum in support, Petitioner asserted two propositions of law:

(1)    Where an appellant withdraws his no contest plea and requests a jury trial prior to completion of the no contest hearing, a trial court must allow the defendant his Sixth

3

Amendment right to a jury trial.

(2)    An appellant has a constitution right guaranteed within the meaning of the Fifth, Sixth and Fourteenth Amendments to a competency examination prior to the acceptance of a no contest plea.

(Docket No. 5, Exhibit 1, p. 94 of 279).

Upon consideration of the memoranda, Chief Justice Thomas J. Moyer declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question on May 21, 2008, (Docket No. 5, Exhibit 1, p. 123 of 279).

**B.**    **POST-CONVICTION RELIEF**

**1.**  On October 1, 2007, Petitioner filed a pro se "post-conviction petition" in the Cuyahoga County Court of Common Pleas (Docket No. 5, Exhibit 1, p. 124 of 129).  Petitioner asserted eight claims:

- Trial court erred by failing to permit Petitioner to confront witnesses;
- Petitioner's oral statement was distorted of original information and truth;
- Trial court erred by failing to inform indigent Petitioner of his appellate rights;
- Trial court erred to the prejudice of the Petitioner by coercing a plea that was against the manifest weight of the evidence;
- Trial court erred by sentencing the Petitioner to the maximum sentence(s) of imprisonment with consecutive R.V.O.S.;
- Trial court engaged in a pattern of misconduct that was prejudicial and denied Petitioner the right to due process; and
- Trial counsel was ineffective.

(Docket No. 5, Exhibit 1, pp. 127-131 of 279).

The court of common pleas denied the petition to vacate or set aside judgment of conviction or sentence on or about November 5, 2007 (Docket No. 5, Exhibit 1, pp. 141 of 279).

**2**    On October 2, 2007, Petitioner filed a petition to vacate or set aside judgment of conviction or sentence (Docket No. 5, Exhibit 1, p. 142).  Petitioner's motion to withdraw the October 2, 2007, petition was granted on October 31, 2007 (Docket No. 5, Exhibit 1, p. 162).

4

**3**.     On April 21, 2008, Petitioner filed a motion to reopen the court of appeals' decision

entered on December 20, 2007, pursuant to OHIO APP. R. 26(b) (Docket No. 7, Exhibit 1, p. 2 of 22).

Petitioner argued:

- He was deprived of the effective assistance of counsel;
- Trial court abused its discretion by refusing to grant Petitioner's motion to withdraw the plea of no contest; and
- Trial court abused its discretion for failing to order a competency examination prior to accepting Petitioner's no contest plea.

(Docket No. 7, Exhibit 1, pp. 3-12 of 22).

On April 6, 2009, the Eighth District Court of Appeals denied Petitioner's motion for reopening

pursuant to OHIO APP. R. 26(b) (Docket No.5, Exhibit 1, p. 192 of 279).  On May 18, 2009, Petitioner

filed a notice of appeal in the Ohio Supreme Court from the judgment entered on April 6, 2009 by the

court of appeals denying his motion to reopen (Docket No. 1, Exhibit 1, p. 229 of 279).  Petitioner

presented seven propositions of law:

- Trial court erred to the prejudice of Petitioner by reaching a conclusion determined from his own investigation of a crime, not proven;
- Trial court erred by giving an enhanced sentence to Petitioner and refusing to allow a jury to decide the R.V.O.S.;
- Trial judge's participation in the plea process intimidated Petitioner into pleading.  This is an abuse of discretion;
- Trial court erred by improperly failing to merge Petitioner's conviction for felonious assault and attempted murder;
- The evidence presented by the state was insufficient to support a finding of guilty of attempted murder, kidnaping and felonious assault;
- The sentence imposed was a violation of law and an incorrect application of the sentencing guidelines; and
- Ineffective assistance of counsel.

(Docket No. 5, Exhibit 1, pp. 232-233 of 279).

On July 29, 2009, Chief Justice Moyer dismissed the appeal as not having any substantial

constitutional question (Docket No. 5, Exhibit 1, p. 262 of 279).

5

**4**.     On April 22, 2009, Petitioner requested reconsideration in the Court of Appeals of its April 6, 2009, decision denying Petitioner's motion for reopening (Docket No. 5, Exhibit 1, p. 203 of 279).  On May 18, 2009, the court of appeals determined that an application for reconsideration pursuant to OHIO APP. R. 26(A) is not applicable (Docket No. 5, Exhibit 1, p. 214 of 279).  Petitioner filed a notice of appeal in the Ohio Supreme Court on July 1, 2009, from the judgment entered on May 18, 2009, denying the application for reconsideration (Docket No. 5, Exhibit 1, pp. 216 of 297).  Petitioner asserted a single proposition of law:

- A court of appeals has jurisdiction to consider a timely, properly filed motion for reconsideration under APP. R. 26(a) when it denies an application for reopening under APP. R. 26(b).

(Docket No. 5, Exhibit 1, p. 218).

On September 30, 2009, Chief Justice Moyer denied Petitioner leave to appeal and dismissed the appeal filed on July 1, 2009, as not having any substantial constitutional question (Docket No. 5, Exhibit 1, p. 227 of 279).

**5**.     Petitioner filed a Petition for Writ of Habeas Corpus on August 27, 2010 (Docket No. 1). The grounds for relief are:

- The trial court abused its discretion by accepting Petitioner's invalid plea.;
- The trial court abused its discretion by failing to order a competency examination prior to accepting Petitioner's no contest plea;
- Appellate counsel's representation was deficient for failing to raise on direct appeal, assignments of error predicated on trial counsel's deficient performance;
- Petitioner was denied due process when he was convicted and sentenced under a repeat violent offender specification;
- Petitioner was denied a fair trial where the conviction was obtained by use of a coerced confession;
- Petitioner was subjected to unconstitutional multiple punishments because attempted murder, felonious assault, and kidnaping are allied offenses;
- Petitioner was denied due process where the weight of the evidence was insufficient to support a finding of guilt to sentence Petitioner on all counts;
- Petitioner's sentence was in violation of the law;

6

- Petitioner's plea of no contest was obtained by trial counsel's suggestion being unlawfully induced and
- Petitioner was denied due process and it was an abuse of discretion to not give final review and determination on the motion to certify the record regarding reconsideration.

## II. JURISDICTION.

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).

In the instant case, Petitioner is in custody of the Allen County Correctional Institute in Lima, Ohio. The restraint on his liberty is a collateral consequence of his conviction sufficient to satisfy the "in custody" prerequisite to habeas corpus review. Petitioner is seeking relief from his conviction under the Sixth and Fourteenth Amendments to the United States Constitution. The Magistrate finds Petitioner has met the prerequisites and that this Court has jurisdiction to address the merits of Petitioner's Writ of Habeas Corpus.

## III. PRELIMINARY MOTIONS

Prior to addressing the merits of the Petition for writ of habeas corpus, the Magistrate will address the merits of three pending motions:

- Petitioner's Motion to provide Transcript (Docket No. 11).
- Petitioner's Motion to Stay (Docket No. 14).
- Petitioner's Motion to Strike (Docket No. 16).

## A. PETITIONER'S MOTION TO PROVIDE TRANSCRIPTS.

Petitioner seeks an order requiring the Respondent to provide transcripts pertaining to the proceeding from which he seeks relief in this Court and granting him an extension of time to do research

until February 4, 2011.

Under Rule 5 of the RULES GOVERNING SECTION 2254 CASES, the respondent must attach to the answer parts of the transcript that the **respondent** considers relevant.  Here, Respondent supplemented the Return/Answer with a transcript of the state court proceeding (Docket No. 6).  Respondent has no duty to provide parts of the transcript that Petitioner considers relevant.  Petitioner's request is moot since Respondent has complied with the provisions of Rule 5.

By the passage of time, Petitioner was given the time needed to complete the research.  The request that Petitioner be granted an extension of time to complete research is now moot.

**B.      PETITIONER'S MOTION TO STAY**

Petitioner requests that this Court stay the instant proceedings until such time as he has exhausted his state court remedies.  On August 10, 2010, Petitioner filed a duplicate petition in the state court.  While the Court ponders his duplicate petition, he is entitled to equitable tolling of the one year statute of limitations.

Under the stay and abeyance procedure, district courts retain jurisdiction over mixed petitions and the stay of further proceedings pending the complete exhaustion of state remedies.  *In re Bowen*, 436 F. 3d 699, 704 fn. 2 (6th Cir. 2006) (*citing Duncan v. Walker,* 121 S. Ct. 2120, 2129 (2001) (Stevens, J., concurring)).  The procedure serves as an alternative to simply denying a petition containing unexhausted claims when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) one year limitations period.  *Id.*  In order to stay a federal proceeding and hold a habeas case in abeyance pending resolution of state court proceedings, the claim must be based on exceptional or unusual circumstances.  *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E. D. Mich. 2002).

8

Granting a motion to stay proceedings until the appellate court has ruled is futile.  Petitioner contends that he presented another **duplicate** petition in the state court.  The claims that were presented on direct appeal are res judicata and not subject to additional review on their merits.  The state court will foreclose review on any issue that Petitioner had an opportunity to raise during the course of his direct appeal but failed to do so.  Such claims are procedurally defaulted and not subject to habeas review.  Neither will tolling help Petitioner here because the statute of limitations had expired before he filed the **duplicate** petition.  The one year statute of limitations cannot be tolled after it has expired.  The Magistrate recommends that the Court deny the Motion for Stay.

C.    PETITIONER'S MOTION TO STRIKE

Petitioner reasons that Respondent's positions in the Opposition to his Motion to Stay are the antitheses of his protections against multiple punishments.  Petitioner requests that the Court strike Respondent's Opposition to his Motion to Stay

Under FED. R. CIV. P. 12(f), the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.  *Horner v. Klein,* 2010 WL 6239893, * 4 (N. D. Ohio 2010).  Motions to strike are disfavored and granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant.  *Id.* (*citing Frisby v. Keith D. Weiner & Associates Company*, *LPA*, 2009 WL 3818844, *1 (N. D. Ohio 2009) (*citing Brown & Williamson Tobacco Corporation v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); *see also United States v. American Electrical Power Services Corporation,* 281 F.Supp. 931, 935 (S. D. Ohio 2002); 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1382 (3rd ed. 2004) ("[T]here appears to be general judicial agreement  . . .  that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form

9

of significant prejudice . . . ").

The Magistrate finds that the Opposition to the Motion to Stay does not address the issue of multiple punishments or the possible relation or logical connection of Petitioner's plight to multiple punishments.  Additionally,  the Opposition does not make arguments that are redundant, immaterial, impertinent, scandalous or that implicate the double jeopardy protections of the United States Constitution .  The Magistrate recommends that the Court deny Plaintiff's request to strike the Opposition to the Motion to Stay.

### IV.  HABEAS CORPUS STANDARD OF REVIEW.

Under the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (1996), a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," *Thompson v. Bell,* 580 F.3d 423, 433(6th Cir. 2009) (*citing* 28 U.S.C. § 2254(d)(1), or (2) the state court's decision "was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings."  *Id.* at 433-434 (*citing* 28 U. S. C. § 2254(d)(2)).  A one year statute of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  28 U. S. C. § (d)(1) (Thomson Reuters 2011).  The limitation period shall run from the latest of:

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B)    the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007) (*citing* 28 U.S.C. § 2244(d)(1)).

The Supreme Court has addressed the availability of equitable tolling of the statute of limitations in habeas cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). In appropriate cases, the timeliness provisions under Section 2244(d) are subject to equitable tolling. *Id.* In those cases, a petitioner is entitled to equitable tolling only if he or she has been pursuing his or her rights diligently and he or she encountered some extraordinary circumstance that stood in his or her way and prevented timely filing. *Id.* (*citing Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)). The time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U. S. C. §2244(b)(2) (Thomson Reuters 2011). However, untimely motions for post-conviction relief are not properly filed and therefore will not stop the running of the one year limitations period. *Artuz v. Bennett*, 121 S. Ct. 361, 363-364 (2000).

## V.  Discussion

The Magistrate finds that Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on May 21, 2008. Petitioner has not offered allegations or proof that the applicable date from which the statute of limitations began to run should be calculated from a date when an impediment to filing an application was removed as required under Section 2244(d)(1)(B) or a date on which the constitutional right asserted was initially recognized by the Supreme Court as required under Section 2244(d)(1)(C) or a date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence as required under Section 2244(d)(D). The period of time within which Petitioner could seek review by the United States Supreme Court expired on August 26, 2008. The one year statute of limitations in this case commenced August 27, 2008, expiring roughly on August 28, 2009.

11

Petitioner filed his Petition in August 2010.  The crux of this matter is whether equitable tolling will revive Petitioner's already expired AEDPA statute of limitations.

Under AEDPA, Petitioner's claim is effectively barred absent a showing that the Petition's untimeliness should be excused based on late filing based on equitable tolling and actual innocence. *McCray v. Vasbinder*, 499 F. 3d 568, 571 (6th Cir. 2007) *cert. denied*, 128 S. Ct. 1236 (2008)).

### A.  EQUITABLE TOLLING

In deciding whether equitable tolling should apply, courts in this Circuit consider the following factors:  (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Griffin v. Rogers,* 399 F.3d 626, 635 (6th Cir. 2005) (*citing Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001) (*citing Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)).  These five factors "are not comprehensive, nor is each of the five factors relevant in all cases." *Id.* (*citing Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002)).  Courts must consider equitable tolling on a "case-by-case basis."  *Id.* ((*citing Cook,* 295 F. 3d at 521*; King v. Bell*, 378 F. 3d 550, 553 (6th Cir. 2004)).

In applying the five factors of whether Petitioner is entitled to equitable tolling, the Magistrate concludes that Petitioner lacked knowledge of some of the filing requirements for post-conviction relief. In particular, Petitioner failed to file his motions for reconsideration and reopening consistent with Rule 26.  Moreover, Petitioner failed to bring a claim for ineffective assistance of counsel through a timely filed application for delayed consideration.  However, Petitioner was aware of AEDPA's one year limitation period as he filed numerous motions in an attempt to toll the statute of limitations and meet

12

the habeas deadline.

Petitioner made up for his lack of knowledge with his diligence in pursuing his rights.  He never stopped pursuing relief.  He requested that the trial court grant him relief and then asked that the court reconsider their denial of the relief requested.  Petitioner was reasonably active in pursuing his claims for relief.

It is appropriate to consider whether equitable tolling of the statute of limitations will prejudice the Respondent.  There is no support in the record that allowing equitable tolling will prejudice the state's cause.

Finally, Petitioner did not feign ignorance of the law even though there was competitive use of the prison library which was, in part, an impediment to Petitioner's understanding of the rules.  It would have been reasonable to remain ignorant of AEDPA's limitations period.  However, Petitioner tried diligently to forestall the expiration of the AEDPA's limitation period.

Petitioner has made a plausible case for equitable tolling, demonstrating that he has a familiarity with the court, that he has an ability to file several actions in state court and to pursue those actions vigorously and that he did not remain ignorant of the legal requirements for filing his claim.  The Magistrate finds that Petitioner is entitled to equitable tolling.

Within the purview of equitable tolling, there are three pleadings that will assist Petitioner in meeting the deadline.  First, the Magistrate considers the motion for post conviction relief filed on October 1, 2007.  This motion, however, was pending and resolved prior to the commencement of the running of the statute on August 27, 2008.

The second motion seeking post-conviction relief was filed under OHIO APP. R. 26(b) on April

13

21, 2008.  A motion for reopening shall be filed in the court of appeals where the appeal was decided within **ninety days** from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later date.  Here, the appellate judgment was journalized on December 20, 2007.  The motion to reopen for reconsideration was properly filed only if presented to the appellate court prior to March 21, 2008.  Petitioner did not file this motion until April 21, 2008.  For purposes of habeas relief, the motion to reopen filed on April 21, 2008 and its attendant appeals and requests for review were not properly filed and therefore cannot serve to toll the statute of limitations.

The Magistrate finds that Petitioner has demonstrated that he is entitled to invoke equitable tolling for 161 days during the pendency of his motion for reconsideration filed on April 22, 2009, and decided on September 30, 2009.  However, tolling the statute for 161 days does not relieve Petitioner of the time bar.  In other words, if the statute of limitations were extended an additional 161 days, the statute would still expire approximately five months before the actual expiration of the statute on or about August 28, 2009.

B.      ACTUAL INNOCENCE

In determining whether an applicant has met the requirements for establishing a cognizable claim of actual innocence, the Sixth Circuit endorses the actual-innocence standard developed in *Schlup v. Delo,* 115 S. Ct. 851 (1995).  *McCray v. Vasbinder* 499 F.3d 568, 571 (6th Cir. 2007)).  Under the *Schlup* standard,* the petitioner must show that it is more likely than not that no reasonable juror would have found him or her guilty beyond a reasonable doubt.  *Id.* (*citing Schlup,* 115 S. Ct. at 867).  To be credible, claim of actual innocence requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.  *Id.* (*citing House v. Bell,* 126 S. Ct. 2064, 2077 (2006) (internal quotation marks omitted)).

14

Petitioner essentially bases his claims on the failure to confront the victim and his mental state at the time he entered the plea of no contest.  He does not assert actual innocence.  If he did assert actual innocence, such claim would be negated by his plea of no contest.  Further, Petitioner has not demonstrated a credible claim for actual innocence by presenting new reliable evidence.

## VI.  CONCLUSION

The Magistrate does not conduct habeas review as the Petition for Writ of Habeas Corpus  was filed well beyond the expiration of the statute of limitations and is not subject to equitable tolling adequate to avoid the time bar of the statue of limitations.  For these reasons, the Magistrate recommends that the Court deny the Petition under 28 U. S. C. § 2254 for Writ of Habeas Corpus (Docket No. 1); Petitioner's Motion for State to Supply Transcripts (Docket No. 11), Petitioner's Motion to Stay (Docket No. 14) and the Motion to Strike (Docket No. 16).

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   May 9, 2011

## VIII.  NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the

15

written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in United States v. Walters, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In Thomas v. Arn, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.