**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL ROBINSON, ) | CASE NO. 1:10CV1922 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| BENNIE KELLY, Warden, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Paul Robinson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition. Petitioner's Motion for State to Supply Transcripts(ECF #11), Motion to Stay(ECF#14), and Motion to Strike(ECF#16) are also denied. Petitioner's Motion Requesting Status Report(ECF#18) is denied as moot.

**FACTS**

1

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

During the May 2006 term, the Cuyahoga County Grand Jurors indicted Petitioner for Attempted Murder, with a Notice of Prior Conviction Specification (NPCS) and a Repeat Violent Offender Specification (RVOS); Felonious Assault, with NPCS and RVOS; Kidnapping, with NPCS and RVOS; and Domestic Violence, with NPCS and RVOS. On November 1, 2006, Petitioner, represented by counsel, withdrew his plea of not guilty and entered a plea of no contest to all counts in the indictment.

Prior to sentencing, defense counsel advised the Court that Petitioner wished to withdraw his guilty plea and proceed to trial. The Court denied Petitioner's request and sentenced Petitioner to a total of fifteen years: five years on the RVOS, to run prior to and consecutively to ten years on Attempted Murder; seven years on the RVOS, to run prior to and consecutively to eight years on Felonious Assault; five years on RVOS to run prior to and consecutively to ten years on Kidnapping and 18 months on Domestic Violence, all to run concurrently to each other.

On November 7, 2006, Petitioner filed a Motion for Withdrawal of the Plea of Guilty (or No Contest). The Motion for Withdrawal of the Plea was denied on November 17, 2006. Petitioner filed a Notice of Appeal and Motion for Appointment of Counsel on December 11, 2006. On February 26, 2007, counsel was appointed. On December 20, 2007, the Court of Appeals affirmed the conviction. Petitioner filed a Motion for Reconsideration on January 2, 2008. The Motion for Reconsideration was denied on January 22, 2008. Petitioner filed a Notice of Appeal in the Ohio Supreme Court on February 1, 2008. The Ohio Supreme

Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question on May 21, 2008.

During the same period of time, on October 1, 2007, Petitioner filed a pro se Post-conviction Petition in the trial court. The trial court denied the Petition to Vacate or Set Aside Judgment of Conviction or Sentence on or about November 5, 2007.  On October 2, 2007, Petitioner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence.  Petitioner's Motion to Withdraw the October 2, 2007 Petition was granted on October 31, 2007.  On April 21, 2008, Petitioner filed a Motion to Reopen the court of appeals' decision entered on December 20, 2007, pursuant to OHIO APP. R. 26(b).  On April 6, 2009, the Eighth District Court of Appeals denied Petitioner's Motion for Reopening pursuant to OHIO APP. R. 26(b). On May 18, 2009, Petitioner filed a Notice of Appeal in the Ohio Supreme Court from the judgment entered on April 6, 2009 by the Court of Appeals denying his Motion to Reopen. The Ohio Supreme Court dismissed the Appeal as not having any substantial constitutional question on July 29, 2009.

On April 22, 2009, Petitioner filed an Application for Reconsideration in the Court of Appeals of its April 6, 2009, decision denying Petitioner's Motion for Reopening.  On May 18, 2009, the Court of Appeals determined that an Application for Reconsideration pursuant to OHIO APP. R. 26(A) is not applicable.  Petitioner filed a Notice of Appeal in the Ohio Supreme Court on July 1, 2009, from the judgment entered on May 18, 2009, denying the Application for Reconsideration.  On September 30, 2009, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the Appeal filed on July 1, 2009, as not having any substantial constitutional question.

3

Petitioner filed the instant Petition for a federal Writ of Habeas Corpus in this Court on August 27, 2010, asserting ten grounds for relief. On October 25, 2010, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on May 9, 2011. Petitioner filed his Objections to the Report and Recommendation on June 21, 2011.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in

4

>whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

(d)(1)A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

The Magistrate Judge determined that Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on May 21, 2008. The period of time within which Petitioner could seek review by the United States Supreme Court expired on August 26, 2008. The one year statute of limitations in this case commenced August 27, 2008, expiring roughly on August 28, 2009.  Since Petitioner filed his Petition in August 2010, the issue is whether equitable tolling will revive Petitioner's already expired AEDPA

5

statute of limitations.

In deciding whether equitable tolling should apply, courts in this Circuit consider the following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (*citing Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (*citing Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). These five factors "are not comprehensive, nor is each of the five factors relevant in all cases." *Id. (citing Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)). Courts must consider equitable tolling on a "case-by-case basis." *Id. ((citing Cook*, 295 F. 3d at 521; *King v. Bell*, 378 F. 3d 550, 553 (6th Cir. 2004)).

After applying the five factors to determine whether Petitioner is entitled to equitable tolling, the Magistrate Judge correctly concluded that Petitioner was diligent in pursuing his rights. Petitioner demonstrated he had a familiarity with the court, that he was able to file several actions in state court and to pursue those actions vigorously and that he did not remain ignorant of the legal requirements for filing his claim.

The Court agrees with the Magistrate Judge that Petitioner is entitled to equitable tolling only for the 161 days during the pendency of his Motion for Reconsideration filed on April 22, 2009, and decided on September 30, 2009. However, even if the statute of limitations were extended an additional 161 days, the statute would still expire approximately five months before the Petition was filed on August 27, 2010.

The Court agrees with the Magistrate Judge's conclusion that habeas review is

not warranted, as the Petition for Writ of Habeas Corpus was filed well beyond the expiration of the statute of limitations and is not subject to equitable tolling adequate to avoid the time bar of the statue of limitations.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.  The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.  Petitioner's Motion for State to Supply Transcripts(ECF #11), Motion to Stay(ECF#14), and Motion to Strike(ECF#16) are also denied. Petitioner's Motion Requesting Status Report(ECF#18) is denied as moot.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:7/20/2011
s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge